## Gregg v. Stonega Coke and Coal Company.

- (Decided November 13, 1917.)

### Appeal from Harlan Circuit Court.

1. Master and Servant—Injuries to Servant—Duty of Mine Operator —Safe Place to Work.—Where the servant is creating perils as in the case of a miner extracting coal and is himself charged with the duty of taking down the slate for his own protection, the master is not under the duty of exercising ordinary care to furnish him a reasonably safe place to work.

2. Master and Servant—Injuries to Servant—Safe Place to Work— Assurance of Safety—Direct Command.—In a miner's action for personal injuries, the language of the mine foreman considered and held not to amount to an assurance of safety or a direct command to go on with the work.

3. Master and Servant—Injuries to Servant—Negligence of Mine Owner—Proximate Cause.—The negligence of a mine owner in permitting smoke to accumulate in a miner's room, can not be regarded as the proximate cause of a miner's injuries received from falling slate, where the miner was not overcome by the smoke or poisonous gases and the smoke did not cause the slate to fall.

4. Master and Servant—Injuries to Servant—Negligence—Assumption of Risk.—Where a mine foreman on being informed of the presence of smoke in a room neck, notifies the miner that he will close the trap door for the purpose of removing the smoke and the miner without waiting for the smoke to clear or receiving an assurance of safety or a direct command to proceed immediately

with the work, returns to his room and begins to work under the roof from which he knows the support has been removed and the slate is liable to fall, when the smoke is so thick that he can not properly inspect the roof and remove the slate, he assumes the risk.

ROSE & HUFF for appellant.

SAMPSON & SAMPSON and J. E. SAMPSON for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

John Gregg, a miner in the employ of the Stonega Coke and Coal Company, was injured by falling slate and brought this suit to recover damages. From a judgment based on a directed verdict in favor of the company, he prosecutes this appeal.

Appellant's evidence is as follows: Appellant was an experienced miner and had been working for the company for about one and one-half months. The night before his injuries the coal in a room neck had been undercut. The next morning he and a man by the name of Griffith prepared two shots for the purpose of loosening the coal. When the shots were fired, they were at a break-through about sixty feet distant. While there appellant had the following conversation with Davis, the mine foreman:

"He asked me did I have a car, and I told him yes, the motorman just placed it up there, I told him and I told him we had just shot. He says then why ain't you loading, he says after I told him I had a car, I told him we had just shot, I says there is so much smoke we can't load. He says we'll have to go and shut the trap door on the main entry, I will go and have the door shut, they allow me no trapper, he said, and I'll have to go and shut it myself. I'll go and shut it and you go on back to work." When Davis left to go about 1,000 feet distant to close the trap door, appellant returned to the room neck. The smoke was so thick that he could see for only a short distance. He examined the roof as best he could and sounded it with a pick. It seemed to sound pretty good. He then went under the roof and began loading the coal. A piece of slate fell and injured his arm. When the trap door was closed the ventilation was all right, but when it was open the smoke became very thick. In the roof was a hill seam which could not be seen until the coal was removed. He returned to work

because the foreman told him to do so. Under his con-
tract, it was his duty to take down the slate for his own
protection.

Since it appears, not only that appellant himself was
charged with the duty of taking down the slate for his
own protection, but that the perils to which he was sub-
jected were of his own creation, it is clear that the acci-
dent happened where the company owed appellant no
duty to use ordinary care to furnish him a reasonably
safe place for work. Eagle Coal Company v. Patrick's
Admr., 161 Ky. 333, 170 S. W. 960; Wallsend Coal &
Coke Company v. Shield's Admr., 159 Ky. 644, 167 S.
W. 918. Nor did the foreman's remarks to appellant,
under the circumstances, amount to such an assurance
of safety or such a positive and direct command to pro-
ceed immediately with the work, as would impose lia-
bility on the company. When the conversation took place
the foreman was not in or at the room neck, but was some
distance away. On being apprised of the presence of
the smoke in the room neck, he stated that he would go
and close the trap door. The purpose of this journey
was to remove the smoke of which appellant complained.
The foreman did not tell appellant to go on back to work
and that in the meantime he would close the trap door.
Construing his language in the light of appellant's com-
pliant, and of the foreman's declared purpose to take
immediate steps to remove the smoke, his statement
"I will go and shut it (the trap door) and you go on
back to work," cannot be construed as a command to
return to work until the trap door was closed.

But it is insisted that the bad ventilation of the mine
was the proximate cause of appellant's injuries. It
must be remembered, however, that appellant was not
overcome or injured by the smoke or poisonous gases,
nor did the smoke cause the slate to fall. The most that
can be said is, that the presence of the smoke prevented
appellant from making a proper inspection of the roof
for the purpose of determining whether is was necessary
to remove the slate. Whether the company would have
been liable for its negligence if appellant had been ab-
solutely required to work under conditions which pre-
vented him from taking the necessary precautions for his
own safety, we deem it unnecessary to decide. As we
have before seen, appellant was not directed to proceed
with his work under those conditions. On the contrary,
he knew that the foreman had gone to close the trap door
and that when this was done, the smoke would soon dis-

appear. Instead of waiting until the smoke cleared away, he returned immediately to work. He was an experienced miner. He had just loosened the coal by firing two shots. He knew that the roof's support had thus been removed and that there was nothing to prevent the slate from falling. He admits that the smoke was so thick that he couldn't see. There can be no doubt that he assumed the risk.

It follows that the trial court did not err in directing a verdict in favor of the company.

Judgment affirmed.